**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHRIS SEVIER, JOHN GUNTER JR., and WHITNEY KOHL<br><br>Plaintiffs,<br><br>v.<br><br>BRYAN E. THOMPSON, in his official capacity as Clerk of Utah County; GARY R. HERBERT, in his official capacity as Governor of Utah; and SEAN REYES, in his official capacity as Attorney General of Utah,<br><br>Defendants. | **REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 50 & 51)**<br><br>Case No.  2:16-cv-659-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Gary R. Herbert and Sean Reyes (collectively "State Defendants") move the Court[1] to dismiss pro se Plaintiffs' Chris Sevier, John Gunter Jr., and Whitney Kohl (collectively, "Sevier Plaintiffs") Amended Complaint pursuant to Federal Rules of Civil Procedure Rules 8(a), 12(b)(1), and 12(b)(6).  (State Defendants' Mot. to Dismiss Pls.' Am. Compl. & Supporting Mem. ("State Mot."), ECF No. 50.)  Defendant Bryan E. Thompson also moves the Court to dismiss the Sevier Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6).  (Bryan E. Thompson's Mot. to Dismiss Am. Compl. & Supporting Mem. ("Thompson Mot."), ECF No. 51.)  In the time since briefing, the Sevier Plaintiffs moved twice to amend the Complaint.  (ECF Nos. 71 & 93, see also 94 & 95.)  The second motion purports to replace the first.  (Leave to Submit a 3d Am. Compl. & Replace the Pending Mot. to Am. 2 ("Mot. to Amend"), ECF No. 93.)  As part of the amendment, Joan Grace Hartley proposes to join the Complaint as the third

_____

[1] Judge David Nuffer referred this case to the undersigned Magistrate Judge on June 28, 2016 to decide all nondispositive matters and provide reports and recommendations on dispositive matters.  (ECF No. 10.)

member of the polygamous marriage. (3d Am. Compl. for Injunctive Relief ("3d Am. Compl.") 1-2, 12-13, ECF No. 93-1). For purposes of judicial efficiency, the Court addresses the claims of the Amended Complaint and the Third Amended Complaint as if the Court had already permitted amendment. Based on a careful review of the briefing,[2] the undersigned finds the Sevier Plaintiffs lack Article III standing to assert their Establishment Clause claim seeking to enjoin Utah from legally recognizing any marriage other than that between one man and one woman because they have not suffered the requisite harm. As to the remaining claims requiring Utah to recognize marriage to any one person, multiple people, or objects, the Complaint seeks an advisory opinion. Federal courts may not issue advisory opinions. Therefore, the undersigned RECOMMENDS the District Court dismiss the Amended Complaint for lack of standing and deny the Motion to Amend (ECF No. 93) as futile for the same reasons.

## I.     THE COMPLAINT

The Sevier Plaintiffs take issue with the United States Supreme Court's same-sex marriage jurisprudence, (see e.g., Am. Compl. 4–5, ECF No. 46), and seek a ruling from this Court overturning the Supreme Court's decisions in Lawrence v. Texas, 539 U.S. 558 (2003), United States v. Windsor, 570 U.S. __, 33 S. Ct. 2675 (2013), and Obergefell v. Hodges, 576 U.S. __, 135 S. Ct. 2584 (2015). (See Am. Compl. 5, ECF 46; 3d Am. Compl. 37-39, ECF No. 93-1.) The Sevier Plaintiffs call same-sex marriage "parody marriage" (3d Am. Compl. 21, ECF No. 93-1) and contend "[g]ay marriage has no significant history in America other that [sic] homosexuality erodes community

---

[2] Pursuant to Local Rule D.U. Civ. R. 7-1(f), the undersigned finds oral argument unnecessary and will make its recommendation based on the Amended Complaint (ECF No. 46), proposed Third Amended Complaint (ECF No. 93-1), and written memoranda.

standards of decency." (3d Am. Compl. 25, ECF No. 93-1.) The Sevier Plaintiffs also state that, "[h]omosexual, polygamy, and machinism lifestyle are equally obscene." (3d Am. Compl. 27, ECF 93-1.) The Sevier Plaintiffs ask this Court to "declare that sexual orientation is a religious doctrine predicted on unproven faith based assumptions that are unproven and that sexual orientation is not based on immutability. Enjoining the state from recognizing gay marriage because doing so is subversive to the racial civil rights and other forms of rights that are actually protectable under the 14th amendment because skin tone is actually predicated on immutability, whereas sexuality is fluid." (See Am. Compl. 27 ¶ F, ECF No. 46.)

In the alternative, the Complaint alleges Bryan E. Thompson, in his official capacity as Clerk of Utah County failed to give Mr. Sevier a marriage license to marry his computer and failed to give Whitney Kohl, John Gunter, and Joan Grace Harley a marriage license to marry each other. (3d Am. Compl. 12 & 14, ECF No. 93-1.) The Complaint further seeks an order requiring Gary R. Herbert, in his official capacity as Governor of Utah, and Sean Reyes, in his official capacity as Attorney General of Utah to interpret and apply Utah's marriage laws as permitting marriage to any one person, multiple people, or objects. The Complaint contends the failure to allow these marriages violates (1) the Establishment Clause, (2) the Due Process Clause, and (3) the Equal Protection Clause. (Am. Compl. 14-24, ECF No. 46; 3d Am. Compl. 25-37, ECF No. 93-1.)

Of note, the Sevier Plaintiffs all appear pro se. However, Mr. Sevier is an attorney. (3d Am. Compl. 1, ECF No. 93-1) While courts generally construe pro se pleadings broadly, see Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008), the

Court does not accord the same leniency to filings from attorneys.  Mann v. Boatright, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) (declining to construe pro se attorney's pleadings liberally).  Nonetheless, Mr. Gunter Jr., Ms. Kohl, and Ms. Harley are not attorneys.  Mr. Sevier appears to have taken the laboring oar on drafting the Complaints in this matter given the continuity in the Complaints filed regardless of the identity of the Plaintiffs.  In the interest of resolving whatever dispute may exist between the parties, the undersigned will consider the pleadings as if all Plaintiffs appeared pro se.  However, courts cannot act as advocates for pro se litigants, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure (Rules).  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (quoting Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)).  When "ruling on a motion for dismiss for want of standing…courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975).

## II.    STANDING

To bring a claim in federal court the plaintiffs must have standing to do so.  Town of Chester v. Laroe Estates, Inc., 581 U.S. __, 137 S. Ct. 1645, 1650 (2017).  The law of Article III standing is "rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 578 U.S. __, 136 S. Ct. 1540, 1547 (2016).  Article III of the Constitution "limits the exercise of the judicial power to 'Cases' and 'Controversies.'" Town of Chester, 137 S. Ct. at 1650; see also U.S. CONST. art. III, § 2, cl. 1.  Federal

courts have no authority to hear a dispute that does not qualify as "a proper case or controversy." Town of Chester, 137 S. Ct. at 1650. A suit constitutes a case or controversy when the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–241 (1937)). Furthermore, the dispute must be "real and substantial" and request "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. "A justiciable controversy is distinguished from a difference or a dispute of a hypothetical character or from one that is academic." McKinney v. Gannet Co., 694 F.2d 1240, 1248 (10th Cir. 1982) (quoting Norvell v. Sangre De Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975)). Article III of the Constitution prohibits federal courts from issuing advisory opinions. See Golden v. Zwickler, 394 U.S. 103, 108 (1969). A case or controversy must exist before a federal court can exercise jurisdiction. MedImmune, 549 U.S. at 126–127.

In addition to the standing requirements on the suit itself, each plaintiff must have standing to bring the claim. To have individual standing, "the plaintiff[s] must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc., 136 S. Ct. at 1547 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561.

Federal courts have "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." Summers v. Earth Island

Inst., 555 U.S. 488, 499 (2009).  The Court has no jurisdiction unless both the case and the parties have standing.  See Brereton v. Bountiful City Corp, 434 F.3d 1213, 1216 (10th Cir. 2006) (recognizing standing as a jurisdictional mandate).  "'[T]he law of Article III standing ... serves to prevent the judicial process from being used to usurp the powers of the political branches,' and confines the federal courts to a properly judicial role."  Spokeo, 136 S. Ct. at 1547 (quoting Clapper v. Amnesty Int'l, 568 U.S. __, 133 S. Ct. 1138, 1146, (2013) & Lujan, 504 U.S. at 576–577; citing Warth, 422 U.S. at 498).

### III.     No Injury In Fact

The Sevier Plaintiffs fail to establish that they have suffered an injury of fact from the United States Supreme Court's ruling in Obergefell v. Hodges, 576 U.S. __, 135 S. Ct. 2584 (2015) and the cases leading to it.  To establish an injury-in-fact, the Sevier Plaintiffs must show they suffered "an invasion of a legally protected interest which is (a) concrete and particularized…, and (b) 'actual or imminent', not 'conjectural' or 'hypothetical.'"  Lujan, 504 U.S. at 560 (citing Allen v. Wright, 468 U.S. 737, 756 (1984); quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).  Mere disagreement with a court's decision does not constitute an injury cognizable under Article III.  Like the plaintiffs in Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464 (1982) (abrogated on other grounds by Bowen v. Kendrick, 487 U.S. 589, 618-19 (1988)), the Sevier Plaintiffs

> fail to identify any personal injury suffered by them as a consequence of the alleged constitutional error, other than the psychological consequence presumably produced by observation of conduct with which one disagrees.  That is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms.  … [S]tanding is not measured by the intensity of the litigant's interest or the fervor of his advocacy.

Id. at 485–86.  The Sevier Plaintiffs' disbelief in the legitimacy of Obergefell does not constitute an injury in fact.

The Sevier Plaintiffs contend they have standing under the Establishment Clause as taxpayers who "do not want their tax pay dollars going to towards the LGBTQ church."  (3d Am. Compl. 24-25, ECF No. 93-1.)  The Sevier Plaintiffs do not complain about the funding of any specific lesbian, gay, bisexual, transgender, or queer/questioning project, as one would expect to see in an Establishment Clause case premised on taxpayer standing.  As a general matter, the mere paying of taxes does not qualify as an injury in fact for purposes of conferring standing to challenge government action.  See Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 599 (2007) ("the interest of a federal taxpayer in seeing that Treasury funds are spent in accordance with the Constitution does not give rise to the kind of redressable 'personal injury' required for Article III standing").  However, the Supreme Court has found federal taxpayer standing to sue in federal court to challenge Congress's taxing and spending programs involving religious institutions.  See Flast v. Cohen, 392 U.S. 83, 88 (1968). To establish taxpayer standing, a taxpayer must show: (1) "a logical link between that status and the type of legislative enactment attacked"; and (2) "a nexus between that status and the precise nature of the constitutional infringement alleged."  Id. at 102. While cases have modified Flast, none suggests taxpayer standing exists to challenge federal court rulings.  See Hein, 551 U.S. at 605-609 (discussing developments in taxpayer standing since Flast and noting the continued need to challenge expenditures at congressional direction).

Here, the Sevier Plaintiffs have not alleged any congressional action.  Instead, the Sevier Plaintiffs challenge the Supreme Court's jurisprudence permitting same-sex marriage.  (See Am. Compl. 4, ECF No. 46; see also 3d Am. Compl. 7, 39, ECF No. 93-1.)  The Court narrowly limits taxpayer standing under the Establishment Clause to challenges to Congressional action under Article I, Section 8.  See e.g., Hein, 551 U.S. at 607-09 (finding no taxpayer standing where plaintiffs "cite no [federal] statute whose application they challenge" and rely solely on "lump-sum 'Congressional budget appropriations' for the general use of the Executive Branch").  Because the Sevier Plaintiffs have not alleged any congressional action under Article I, Section 8, the Sevier Plaintiffs fail to establish taxpayer standing under the Establishment Clause.

The Sevier Plaintiffs fail to allege an injury of fact to them from the United States Supreme Court's ruling in Obergefell and fail to qualify for taxpayer standing to challenge the constitutionality of Obergefell.  Therefore, the undersigned RECOMMENDS the District Judge dismiss the Sevier Plaintiffs' Establishment Clause claim seeking to overturn Obergefell.

## IV.   No Actual Case or Controversy

The Sevier Plaintiffs seek, in the alternative, to compel the Court to grant them the right to marry an inanimate object and more than one person.  As noted above, to have standing to bring this claim the Sevier Plaintiffs must have an actual case or controversy.  In a declaratory judgment action like the present one, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune,

549 U.S. at 127 (quoting <u>Md. Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273

(1941)).  Review of the relief the Sevier Plaintiffs' seek clearly shows that their objective

in seeking such relief is to undermine same-sex marriage and gay rights and does not

constitute a real request for relief.

The Sevier Plaintiffs make multiple requests for the Court to enter declaratory

judgments pronouncing marriage as only between one man and one woman.  (<u>See for</u>

<u>example</u> Am. Compl. 26 ¶ C, ECF No. 46) (asking the Court to "declare that all forms of

marriage other than man-woman marriage violate the first amendment establishment

clause; enjoining the state of Utah from legally recognizing any form of marriage other

than man-woman marriage…"); (<u>see also</u> 3d Am. Compl. 38, ECF No. 93-1) (asking the

Court to declare "that man-woman marriage is the only secular form of marriage" and to

"enjoin[] the State from legally recognizing any form of marriage other than man-woman

marriage").  In making these requests, the Sevier Plaintiffs identify all other marriages

as "parody marriage."  (3d Am. Compl. 21, ECF No. 93-1; Pl. Kohl's Resp. in Opp'n to

the Def.'s Mot. to Dismiss 22, ECF No. 53.)  Further the Complaint states

"Homosexuality, beastiality, polygamy, zoophilia, and machinism all equally violate

community standards of decency and are categorical obscenity in action."  (Am. Compl.

¶45, ECF No. 46.)  Through their pleadings, the Sevier Plaintiffs have pled themselves

out of a complaint.

The Sevier Plaintiffs' statements regarding the obscenity of polygamy and

marriage to objects demonstrate that they brought this legal action to settle a

philosophical dispute rather than an actual legal dispute.  The Complaint states:

> In order to try and save "gay marriage," the Court could grant the Plaintiffs
> the same marriage rights and benefits as the homosexuals under the

Establishment Clause to cure the discrimination against "religion and religion." Hobbie v. Unemployment Appeals Commission, 480 U.S. 136, 144-45 (1987).  But this option is not as valid as the first three options because it continues to places [sic] "religion over non-religion" at the expense of the Constitution.  Just as government officials may not favor or endorse one religion over others, so too officials "may not favor or endorse religion generally over non-religion." Lee v. Weissman, 505 U.S. 577, 627, 112 S. Ct. 2649, 120 L.Ed.2d 467 (1992) (Souter, Justice, concurring) (citing County of Allegheny v. ACLU, 492 U.S. 573, 589-94, 109 S. Ct. 3086, 106 L.Ed.2d 472 (1989).  If this Court agreed to legally recognize polygamy marriage and man-object marriage in order to save gay marriage, the Court only only [sic] further be putting "religion over non-religion" in an unconstitutional manner that erodes valid Constitutional rights.

(3d Am. Compl. 8-10 n.5, ECF No. 93-1.)  This paragraph, along with many others, makes clear the Sevier Plaintiffs do not have a "real and substantial" desire for the relief sought in their remaining claims—namely the right to marry a computer or the right to marry each other.  See MedImmune, 549 U.S. at 127 (quoting Aetna, 300 U.S. at 240– 241) (explaining that only "real and substantial" disputes qualify as actual cases or controversies for purposes of Article III).  The Sevier Plaintiffs "merely call on [this Court] to supply an advisory opinion about a hypothetical dispute." Surefoot LC v. Sure Foot Corp., 531 F.3d 1236 (10th Cir. 2008).  Statements like

there is no marriage union like a marriage between a man and a woman and all other forms of marriages are equally a parody of neutral marriage which is based on self-evident fact.  "Sex" is powerful, and a government that loves it people will encourage them to channel their sexual energy in a manner that checks out with the truth of our nature and the way that things are

undermine the Sevier Plaintiffs' arguments that they present a real interest in marrying a computer or each other.  (Pl. [Gunter]'s Resp. in Opp'n to the Def.'s Mot. to Dismiss 22 n. 13, ECF No. 54.)  Article III of the Constitution prohibits federal courts from issuing advisory opinions.  See Golden v. Zwickler, 394 U.S. 103, 108 (1969) (ordering

dismissal of case for lack of an actual controversy).  "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so."  Town of Chester, 137 S. Ct. at 1650 (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 341(2006)).

The undersigned RECOMMENDS the District Judge dismiss the remaining claims for failing to state a judiciable claim or controversy.

### V.      Conclusion

The undersigned RECOMMENDS the District Judge dismiss the Sevier Plaintiffs' Complaint without prejudice for lack of standing.  The undersigned RECOMMENDS the District Judge dismiss the Sevier Plaintiffs' Establishment Clause claim seeking to overturn Obergefell because the Sevier Plaintiffs' fail to show they suffered an injury in fact or qualify for taxpayer standing.  The undersigned further RECOMMENDS the District Judge dismiss the remaining claims for failing to state a judiciable claim or controversy because the Sevier Plaintiffs admit they do not want the relief they seek. The undersigned further RECOMMENDS the District Judge deny the Motion to Amend as futile because it suffers from the same defects.  See Brereton , 434 F.3d at 1219 (allowing denial of motion to amend where amendment would fail to repair jurisdictional defect).

The undersigned further notes Mr. Sevier has filed similar lawsuits in Texas, Tennessee, South Carolina, and Kentucky, and the courts dismissed his cases as frivolous.  See Sevier v. Abbott, et al., No. 4:16-cv-00347 (S.D. Tex. 2016); Sevier v. Haslam, et al., No. 3:16-cv-00134 (M.D. Tenn. 2016); Sevier v. Haley et al., No. 3:16-cv-00665 (D. S.C. 2016); and Sevier v. Davis et al., No. 0:16-cv-00080 (E. Ky. 2017).  The

undersigned never reaches the frivolousness analysis because without standing, the Court lacks jurisdiction to do anything but dismiss the case without prejudice.  Brereton, 434 F.3d at 1216-18 (holding "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim").

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 26th day of January 2018.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge